**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

|  |  |
|---|---|
| **IN RE FORCE PROTECTION, INC. SECURITIES LITIGATION** ) | Consolidated Civil Action No. 2:08-cv-845-CWH |

**DEFENDANTS' ANSWER AND DEFENSES TO THE
CONSOLIDATED CLASS ACTION COMPLAINT**

Eleni M. Roumel
Federal Bar No. 9959
NELSON MULLINS RILEY &
SCARBOROUGH LLP
151 Meeting Street
Charleston, SC 29401
843.534.4112 (Telephone)
843.534.4223 (Facsimile)
eleni.roumel@nelsonmullins.com

M. Robert Thornton
Michael R. Smith
David E. Meadows
Benjamin Lee
KING & SPALDING LLP
1180 Peachtree Street N.E.
Atlanta, Georgia 30309
404.572.4600 (Telephone)
404.572.5100 (Facsimile)
bthornton@kslaw.com
mrsmith@kslaw.com
demeadows@kslaw.com
blee@kslaw.com

*Attorneys for Defendants*

Defendants Force Protection, Inc. ("Force Protection" or the "Company"), Frank Kavanaugh, Gordon R. McGilton, Michael S. Durski, and Raymond W. Pollard (collectively, "Defendants"), by and through their undersigned counsel, submit this Answer to the Consolidated Class Action Complaint (the "Complaint").

Unless otherwise indicated, the answers and defenses contained in Defendants' Answer and Defenses to the Consolidated Class Action Complaint ("Answer") are on behalf of all Defendants. To the extent that allegations contained in the Complaint are specifically directed toward one or more of the individual Defendants, those other individual Defendants to whom the allegations are not directed, unless otherwise stated in this Answer, lack knowledge or information sufficient to admit or deny the allegation. In addition, each individual Defendant lacks knowledge or information sufficient to admit or deny all allegations relating to events, circumstances, or time periods that pre-date or post-date his service as a director or officer of Force Protection. To the extent that any headings or subheadings in the Complaint are deemed to contain allegations, Defendants deny them.

To the extent that any Defendant admits to any allegations, as set forth below, such admission is made subject to the following qualification: Except where the allegation specifically refers to the Defendant by name or, with respect to Defendants Kavanaugh, McGilton, and Pollard, concerns an action by the Board of Directors or a Board Committee in which the Defendant actually participated, any admission by the Defendant to any allegation is made based on information and belief.

## <u>ANSWER</u>

Defendants answer the Complaint's separately numbered paragraphs as follows:

1.      Defendants admit that Plaintiffs purport to allege claims pursuant to federal securities laws on behalf of a putative class of all purchasers of Force Protection common stock between January 18, 2007 and March 14, 2008 (the "Class Period").  Defendants deny that Plaintiffs' claims have any merit and deny that the putative class should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Defendants deny the remaining allegations in paragraph 1.

2.      Defendants deny the allegations in the first sentence of paragraph 2, except as stated in Force Protection's Form 10-Q for the third quarter of 2007 (the "Q3 2007 10-Q") filed on November 13, 2007.  Defendants deny the allegations in the second sentence of paragraph 2, except as stated in the restatement to the Q3 2007 10-Q filed by Force Protection on September 30, 2008.

3.      Defendants admit that Force Protection made public disclosures in SEC filings during the Class Period regarding its belief that it was in compliance with applicable government contracting standards and that the Company had no reason to believe that additional orders for its vehicles would not be forthcoming.  Defendants state that such representations speak for themselves, and Defendants deny the allegations in paragraph 3 to the extent they misquote, mischaracterize, or contradict those representations or the documents in which the representations appear.  Defendants deny the remaining allegations in paragraph 3.

4.      Defendants deny the first sentence of paragraph 4.  Defendants admit that Force Protection's senior management held morning meetings at various times during the Class Period, and that while employed by the Company, certain members of the Company's senior management attended at least some of these meetings.  Defendant Kavanaugh has no recollection of having attended morning meetings during the alleged Class Period, and on that

basis denies any allegation that he did attend such meetings during the alleged Class Period. Defendants deny the remaining allegations in paragraph 4.

5.      Defendants lack knowledge or information sufficient to admit or deny Plaintiffs' allegations concerning statements purportedly made by an individual identified in the Complaint as "Force Protection's former Chief Quality Officer." Defendants deny any remaining allegations in the first two sentences of paragraph 5. Answering the third sentence of paragraph 5, Defendants state that Defendant McGilton participated in employee training seminars during 2007 intended to improve Force Protection inventory systems. Defendants deny any remaining allegations in paragraph 5.

6.      Defendants admit that, on several occasions during the Class Period, Defendants McGilton and Durski executed certifications pursuant to Section 302 of the Sarbanes-Oxley Act of 2002 ("SOX"). Defendants further state that certifications executed pursuant to Section 302 of SOX are written documents that speak for themselves. Defendants deny the allegations in the first sentence of paragraph 6 to the extent they misquote, mischaracterize, or contradict these documents or the representations in those documents. Answering the second and third sentences of paragraph 6, Defendants admit that the Company restated its financial results for the first three quarters of 2007 in its SEC Form 10-K, filed September 15, 2008 and its SEC Forms 10-Q/A filed on September 30, 2008, and deny plaintiffs' allegations to the extent that they misquote, mischaracterize, or contradict those publicly filed documents. Defendants deny any remaining allegations in paragraph 6.

7.      Defendants deny the first sentence of paragraph 7. Defendants admit that during the Class Period, the majority of Force Protection's sales derived from contracts with the Department of Defense ("DoD") to build MRAPs for the United States Army and United States

Marine Corps.  Defendants admit that as a government contractor, the Company was subject to various government regulations and contracting standards, the nature and extent of which varied from time to time.  Defendants deny the remaining allegations in paragraph 7.

8.    Defendants state that Force Protection's Q3 2007 10-Q, the Defense Contract Audit Agency's ("DCAA's") reports from January 20, 2006 and September 1, 2006, and the United States Army's Tank-automotive and Armaments Command's ("TACOM's") January 25, 2006 report are written documents that speak for themselves.  Defendants deny the allegations in paragraph 8 to the extent they misquote, mischaracterize, or contradict these written documents.  Defendants deny the remaining allegations in paragraph 8.

9.    Defendants admit that the Company had fewer than 1,000 employees in 2005 and 2006 and was exempt from certain requirements and regulations applicable to larger contractors.  Defendants deny the second sentence of paragraph 9.  Defendants admit that Plaintiffs purport to base allegations in paragraph 9 on alleged statements by an individual identified as a "former buyer in Force Protection's Purchasing Department" and the Company's former "Chief Quality Officer."  Defendants lack knowledge or information sufficient to admit or deny Plaintiffs' allegations concerning statements purportedly made by these individuals. Defendants deny any remaining allegations in paragraph 9.

10.    Defendants deny the first sentence of paragraph 10.  Defendants state that the Q3 2007 10-Q is a written document that speaks for itself.  Defendants deny the allegations in paragraph 10 to the extent they misquote, mischaracterize, or contradict the Q3 2007 10-Q. Defendants deny the remaining allegations in paragraph 10.

11.    Defendants admit the first sentence in paragraph 11. Defendants admit that the DoD sought additional bids to manufacture MRAPs in or about September 2006 and that

through the end of 2007, the United States military awarded MRAP contracts to several defense contractors, including Force Protection.  Defendants deny the remaining allegations in paragraph 11.

12.    Defendants admit that Force Protection's stock closed at a price of $1.37 per share on March 17, 2008.  Defendants admit that Force Protection's stock closed at a price of $30.27 on May 30, 2007.  Defendants deny the remaining allegations in paragraph 12.

13.    Defendants admit that Defendants Kavanaugh and McGilton sold shares of Force Protection stock between September 2006 and May 2007.  Defendants state that these Defendants' stock sales were made according to prearranged trading plans pursuant to SEC Rule 10b5-1, as publicly disclosed in Form 4s filed by the Company.  Defendants deny the remaining allegations in paragraph 13.

14.    Paragraph 14 contains legal conclusions that Defendants are not required to admit or deny.  To the extent that a response is required, Defendants deny the allegations in paragraph 14.

15.    Defendants admit that venue is proper in this judicial district and that Force Protection maintained its headquarters in South Carolina throughout the Class Period. Defendants deny the remaining allegations in paragraph 15.

16.    Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 16.

17.    Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 17.

18.    Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 18.

19.    Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 19.

20.    Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 20.

21.    Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 21.

22.    Defendants admit the allegations in paragraph 22.

23.    Defendants admit the allegations in paragraph 23.

24.    Defendants admit that Kavanaugh was a non-executive director and Chairman of the Board of Force Protection from the start of the alleged Class Period until his resignation on June 21, 2007.  Defendants admit that Defendant Kavanaugh sold shares of Force Protection stock during the Class Period pursuant to prearranged trading plans authorized by SEC Rule 10b5-1 and that the existence of the trading plans and the details of the stock sales, including the dates of the sales, the number of shares sold (and acquired), and the sale (and acquisition) prices, were publicly disclosed.  Defendants deny the remaining allegations in paragraph 24.

25.    Defendants admit that McGilton was the Chief Executive Officer ("CEO") and a director of the Company from April 18, 2005 until his resignation effective January, 31 2008.  Defendants admit that Defendant McGilton sold shares of Force Protection stock during the Class Period pursuant to prearranged trading plans authorized by SEC Rule 10b5-1 and that the existence of the trading plans and the details of the stock sales, including the dates of the sales, the number of shares sold (and acquired), and the sale (and acquisition) prices, were publicly disclosed.  Defendants deny the remaining allegations in paragraph 25.

26.     Defendants admit that Michael S. Durski ("Durski") was the Company's Chief Financial Officer ("CFO") from February 5, 2007 through February 29, 2008. Defendants deny the remaining allegations in paragraph 26.

27.     Defendants admit that Raymond W. Pollard ("Pollard") served as Chief Operating Officer ("COO") of the Company during the Class Period until his resignation on March 3, 2008. Defendants deny any remaining allegations in paragraph 27.

28.     Defendants admit that Plaintiffs purport to allege claims pursuant to federal securities laws on behalf of a putative class of purchasers of Force Protection common stock that is defined in paragraph 28. Defendants deny that Plaintiffs have properly alleged claims against Defendants and deny that the putative class should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure. Defendants admit that, prior to January 18, 2007, Force Protection's common stock traded on the OTC Bulleting Board Market and that the "fraud on the market" theory could not apply prior to January 18, 2007. Defendants deny the remaining allegations in paragraph 28.

29.     Defendants state that the first sentence of paragraph 29 asserts legal conclusions that Defendants are not required to admit or deny. Defendants deny the allegations in the first sentence of paragraph 29 to the extent that a response is required. Defendants admit that Force Protection stock traded on the NASDAQ stock market throughout the Class Period, and that securities analysts issued reports regarding Force Protection at various times during the Class Period. Defendants admit that there were 66.76 and 68.25 million issued and outstanding shares of Force Protection stock as of January 18, 2007 and March 14, 2008, respectively. Defendants deny the remaining allegations in paragraph 29.

30.     Defendants state that the allegations in paragraph 30 assert legal conclusions that Defendants are not required to admit or deny.  Defendants deny the allegations in paragraph 30 to the extent that a response to that paragraph is required.

31.     Defendants state that the allegations in paragraph 31 assert legal conclusions that Defendants are not required to admit or deny.  Defendants deny the allegations in paragraph 31 to the extent that a response to that paragraph is required.

32.     Defendants state that the allegations in paragraph 32 assert legal conclusions that Defendants are not required to admit or deny.  Defendants deny the allegations in paragraph 32 to the extent that a response to that paragraph is required.

33.     Defendants state that the allegations in paragraph 33, including subparts (a)-(e), assert legal conclusions that Defendants are not required to admit or deny.  Defendants deny the allegations in paragraph 33 and each of its subparts to the extent that a response to that paragraph is required.

34.     Defendants lack knowledge or information sufficient to form a belief concerning Plaintiffs' knowledge of any difficulty in the management of the litigation that would preclude its maintenance as a class action.  Defendants deny any remaining allegations in paragraph 34.

35.     Defendants admit that, during the Class Period, Force Protection shares traded on the NASDAQ stock market and that Force Protection was eligible to file Registration Statements on Form S-3, filed public reports with the SEC, and issued press releases during the Class Period.  Defendants deny the remaining allegations in paragraph 35.

36.     Defendants deny the allegations in paragraph 36.

37.     Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 37.

38.     Defendants lack knowledge or information sufficient to admit or deny Plaintiffs' allegations in paragraph 38.

39.     Defendants admit the allegations in paragraph 39.

40.     Defendants admit the allegations in paragraph 40.

41.     Defendants admit the sixth and seventh sentences in paragraph 41.  Defendants state that the *USA Today* article from August 1, 2007 is a written document that speaks for itself.  Defendants deny the allegations in paragraph 41 relating to the August 1, 2007 article to the extent they misquote, mischaracterize, or contradict the *USA Today* article from August 1, 2007.  Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in paragraph 41.

42.     Defendants admit that Force Protection's MRAP vehicles filled an acute military need and offered highly effective protection and that between 2000 and November 2006, the Company won numerous contracts to build MRAP vehicles for the U.S. Armed Forces, some of which were sole-source contracts.  Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in paragraph 42.

43.     Defendants admit that the Company grew to over $800 million in reported annual revenue in 2007, that the Company's share price reached $30.00 in May 2007, and that the Company's shares began trading on NASDAQ on January 18, 2007.  Defendants deny any remaining allegations in paragraph 43.

44.     The first two sentences of paragraph 44 contain legal conclusions that Defendants are not required to admit or deny.  To the extent that a response is required, Defendants deny those allegations in paragraph 44.  Defendants lack knowledge or information sufficient to admit or deny the last sentence in paragraph 44.

45.     Defendants deny the first sentence of paragraph 45.  Defendants deny the allegations in the second sentence of paragraph 45 to the extent they misquote, mischaracterize, or contradict Force Protection's Q3 2007 10-Q, the Company's SEC Form 10-K, filed September 15, 2008, and/or its SEC Forms 10-Q/A filed on September 30, 2008.  Defendants deny the remaining allegations in paragraph 45.

46.     Defendants deny the allegations in paragraph 46 to the extent they misquote, mischaracterize, or contradict Force Protection's SEC Form 10-K, filed September 15, 2008, and/or its SEC Forms 10-Q/A filed on September 30, 2008.  Defendants deny any remaining allegations in paragraph 46.

47.     Defendants deny the allegations in paragraph 47, including those in the chart included in that paragraph, to the extent they misquote, mischaracterize, or contradict Force Protection's SEC Form 10-K, filed September 15, 2008.  Defendants deny any remaining allegations in paragraph 47.

48.     Defendants deny the first sentence of paragraph 48.  Defendants admit that Force Protection made representations regarding its internal accounting and disclosure controls in the Company's public SEC filings during the Class Period.  Defendants state that such representations, including the Company's 2006 10-K/A filed on October 12, 2007, speak for themselves, and Defendants deny the allegations in paragraph 48 to the extent they misquote, mischaracterize, or contradict those representations or the documents in which the representations appear.  Defendants deny the remaining allegations in paragraph 48.

49.     Defendants state that the Q3 2007 10-Q is a written document that speaks for itself.  Defendants deny the allegations in paragraph 49 to the extent they misquote,

mischaracterize, or contradict the Q3 2007 10-Q.  Defendants deny any remaining allegations in paragraph 49.

50.    Defendants deny the first sentence of paragraph 50.  Defendants state that Force Protection's 2007 10-K, filed on September 15, 2008, is a written document that speaks for itself.  Defendants deny the allegations in paragraph 50 to the extent they misquote, mischaracterize, or contradict the 2007 10-K.  Defendants deny the remaining allegations in paragraph 50.

51.    Defendants deny the allegations in paragraph 51.

52.    Defendants deny the first sentence of paragraph 52.  Defendants admit that Force Protection held executive meetings at various times during the Class Period and that Defendants attended certain of these meetings.  Defendant Kavanaugh has no recollection of having attended morning meetings during the alleged Class Period, and on that basis denies any allegation that he did attend such meetings during the alleged Class Period.  Defendants lack knowledge or information sufficient to admit or deny Plaintiffs' allegations regarding statements purportedly made by "Confidential Witnesses" and/or an individual identified in the Complaint as "Confidential Witness 1."  Defendants deny the remaining allegations in paragraph 52.

53.    Defendants lack knowledge or information sufficient to admit or deny Plaintiffs' allegations regarding statements purportedly made by an individual identified in the Complaint as "Confidential Witness 2."  Defendants deny the remaining allegations in paragraph 53.

54.    Defendants lack knowledge or information sufficient to admit or deny Plaintiffs' allegations regarding statements purportedly made by an individual identified in the Complaint as "Confidential Witness 2."  Defendants deny the remaining allegations in paragraph 54.

55.     Defendants lack knowledge or information sufficient to admit or deny Plaintiffs' allegations regarding statements purportedly made by an individual identified in the Complaint as "Confidential Witness 2." Defendants deny the remaining allegations in paragraph 55.

56.     Defendants lack knowledge or information sufficient to admit or deny Plaintiffs' allegations regarding statements purportedly made by an individual identified in the Complaint as "Confidential Witness 2." Defendants deny any remaining allegations in paragraph 56.

57.     Defendants deny the first sentence in paragraph 57. Defendants admit that Force Protection utilized accounting software, which included APT, QuickBooks, and DBA. Defendants deny the remaining allegations in paragraph 57.

58.     Defendants admit that Force Protection hired APT, a technology consulting firm in which Defendant McGilton formerly held an ownership interest, to provide certain software and training services. Defendants deny that Defendant Kavanaugh ever held any ownership or financial interest in APT. Defendants deny the remaining allegations in paragraph 58.

59.     Defendants deny the allegations in paragraph 59 as stated.

60.     Defendants deny the first sentence in paragraph 60. Defendants lack knowledge or information sufficient to admit or deny Plaintiffs' allegations regarding statements purportedly made by an individual identified in the Complaint as "Confidential Witness 3." Defendants deny the remaining allegations in paragraph 60.

61.     Defendants deny the first sentence in paragraph 61. Defendants lack knowledge or information sufficient to admit or deny Plaintiffs' allegations regarding statements purportedly made by individuals identified in the Complaint as "Confidential Witnesses 1" and "Confidential Witnesses 2." Defendants deny the remaining allegations in paragraph 61.

62.     Defendants deny the allegations in the first and last sentences of paragraph 62. Defendants lack knowledge or information sufficient to admit or deny Plaintiffs' allegations regarding statements purportedly made by an individual identified in the Complaint as "Confidential Witness 1." Defendants deny the remaining allegations in paragraph 62.

63.     Defendants deny the first sentence in paragraph 63. Defendants lack knowledge or information sufficient to admit or deny Plaintiffs' allegations regarding statements purportedly made by individuals identified in the Complaint as "Confidential Witness 3" and "Confidential Witness 4." Defendants deny the remaining allegations in paragraph 63.

64.     Defendants admit that Force Protection utilized QuickBooks software during the Class Period and that Force Protection's annual revenues for 2007 were nearly $800 million. Defendants lack knowledge or information sufficient to admit or deny Plaintiffs' allegations regarding statements purportedly made by an individual identified in the Complaint as "Confidential Witness 1." Defendants deny the remaining allegations in paragraph 64.

65.     Defendants deny the allegations in paragraph 65.

66.     Defendants admit that Force Protection used the software package, DBA, in its Shipping and Receiving Department. Defendants lack knowledge or information sufficient to admit or deny Plaintiffs' allegations regarding statements purportedly made by an individual identified in the Complaint as "Confidential Witness 5." Defendants deny the remaining allegations in paragraph 66.

67.     Although the "restatement" referred to in paragraph 67 is not identified with specificity, Defendants state that any such "restatement" of Force Protection's financial results was described in documents filed publicly with the SEC. Defendants deny the allegations in

paragraph 67 to the extent that they misquote, mischaracterize, or contradict such SEC filings. Defendants deny the remaining allegations in paragraph 67.

68.     Defendants lack knowledge or information sufficient to admit or deny Plaintiffs' allegations regarding statements purportedly made by an individual identified in the Complaint as "Confidential Witness 2."  Defendants deny any remaining allegations in paragraph 68.

69.     Defendants deny the first sentence of paragraph 69.  Defendants admit that the Defense Contract Audit Agency ("DCAA") has issued audit reports concerning Force Protection, which speak for themselves, and that the DCAA reports did not address Force Protection's compliance with Generally Accepted Accounting Principles ("GAAP"). Defendants deny the allegations in paragraph 69 to the extent they misquote, mischaracterize, or contradict the DCAA audit reports.  Defendants deny the remaining allegations in paragraph 69.

70.     Defendants admit that the Company was provided with a written copy of the DCAA's January 2006 audit of Force Protection.  Defendants lack knowledge concerning what Barbara Fox was allegedly told in the December 14, 2005 exit interview referenced in paragraph 70 or what Ms. Fox is alleged to have "communicated" to unspecified "senior [Company] personnel" at some unspecified time.  Defendants deny the remaining allegations in paragraph 70.

71.     Defendants admit that the Company was provided with a written copy of the DCAA's September 2006 audit of Force Protection.  Defendants lack knowledge concerning what R. Scott Ervin was allegedly told in the August 23, 2006 exit interview referenced in paragraph 71 or what Mr. Ervin is alleged to have "discussed" during the interview. Defendants deny the remaining allegations in paragraph 71.

72.    Defendants deny the allegations in the first sentence of paragraph 72, except as stated in the Company's Q3 2007 10-Q, which is a written document that speaks for itself. Defendants lack knowledge or information sufficient to admit or deny Plaintiffs' allegations regarding statements purportedly made by an individual identified in the Complaint as "Confidential Witness 6." Defendants deny the remaining allegations in paragraph 72.

73.    Defendants deny the first sentence of paragraph 73. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in paragraph 73.

74.    Defendants lack knowledge or information sufficient to admit or deny the allegations in the first sentence of paragraph 74. Defendants deny the remaining allegations in paragraph 74.

75.    Defendants deny the first sentence of paragraph 75. Defendants admit that Force Protection's Q3 2007 10-Q, issued on November 15, 2007, included discussion of certain reports issued by the DCAA. Defendants deny the allegations in paragraph 75 to the extent they misquote, mischaracterize, or contradict the Q3 2007 10-Q. Defendants deny the remaining allegations in paragraph 75.

76.    Defendants deny the last sentence of paragraph 76. Defendants admit that during the Class Period, Defendants McGilton and Durski signed certifications under Sections 302 and 906 of SOX that were included in certain of the Company's filings with the SEC, and that Defendant Kavanaugh signed the 2006 Form 10-K filed by the Company. Defendants state that these certifications and the SEC filings in which they were included speak for themselves and deny the allegations in paragraph 76, to the extent that such allegations misquote, mischaracterize, or contradict the certifications or the SEC filings. Defendants deny the remaining allegations in paragraph 76.

77.    Defendants deny the third and fourth sentences of paragraph 77.  Defendants admit that Force Protection was required to comply with applicable government contracting standards.  Defendants admit that Force Protection made representations regarding its internal accounting and disclosure controls, as well as the Company's beliefs concerning its ability to procure additional contracts, in the Company's public SEC filings during the Class Period. Defendants state that such representations speak for themselves, and Defendants deny the allegations in paragraph 77 to the extent they misquote, mischaracterize, or contradict those representations or the documents in which the representations appear.  Defendants deny the remaining allegations in paragraph 77.

78.    Paragraph 78 contains various allegations regarding the content and application of various government contracting standards as set forth in specified documents.  For an answer to those allegations, Defendants refer Plaintiffs to the completed and accurate contents of the specified documents and deny the allegations to the extent they misquote, mischaracterize, or are inconsistent with those documents.   Defendants deny any remaining allegations in paragraph 78.

79.    Defendants admit that Force Protection had fewer than 1,000 employees during a portion of the Class Period, but the Company surpassed 1,000 employees during 2007. Defendants lack knowledge or information sufficient to admit or deny the allegations in the last sentence of paragraph 79.  The allegations in the first three sentences of paragraph 79 contain various legal conclusions that Defendants are not required to admit or deny.  To the extent that a response is required, Defendants deny those allegations.  Defendant deny any remaining allegations in paragraph 79.

80.    Defendants deny the allegations in the fourth sentence of paragraph 80. Defendants admit the allegations in the third sentence of paragraph 80.    Defendants state that the Company's 2005 Form 10-K filed on April 13, 2006 ("2005 10-K"), restated 2005 Form 10-K filed on June 27, 2007 ("2005 10-K/A"), and 2006 Form 10-K filed on March 16, 2007 ("2006 10-K") are written documents that speak for themselves.    Defendants deny the allegations in the first, second, fifth, and sixth sentences of paragraph 80 to the extent that they misquote, mischaracterize, or contradict the 2005 10-K, 2005 10-K/A, and 2006 10-K. Defendants deny the remaining allegations in paragraph 80.

81.    Defendants deny the allegations in paragraph 81.

82.    Defendants admit that the DCAA issued a report dated January 20, 2006 concerning Force Protection that speaks for itself.    Defendants deny the allegations in paragraph 82 to the extent they misquote, mischaracterize, or contradict the January 20, 2006 DCAA report.    Defendants deny the remaining allegations in paragraph 82.

83.    Defendants deny the first two sentences of paragraph 83.    Defendants lack knowledge or information sufficient to admit or deny Plaintiffs' allegations regarding statements purportedly made by an individual identified in the Complaint as "Confidential Witness 7."    Defendants deny the remaining allegations in paragraph 83.

84.    Defendants admit that the DCAA issued an audit report dated September 1, 2006 concerning Force Protection that speaks for itself.    Defendants deny the allegations in paragraph 84 to the extent they misquote, mischaracterize, or contradict the September 1, 2006 DCAA audit report.    Defendants admit that Force Protection did not disclose the content of the report contemporaneously with the Company's receipt of the report.    Defendants lack information sufficient to admit or deny the allegations that the results of the audit to which the

September 1, 2006 DCAA audit report related were discussed with Mr. Ervin. Defendants deny the remaining allegations in paragraph 84.

85.    Defendants state that the Defense Contract Management Agency's ("DCMA's") findings from its June 2006 contract survey are contained in a written document that speaks for itself. Defendants deny the allegations in paragraph 85 to the extent they misquote, mischaracterize, or contradict the referenced document. Defendants deny the remaining allegations in paragraph 85.

86.    Defendants deny the first sentence of paragraph 86. Defendants state that the DCMA issued 2007 reports concerning Force Protection speak for themselves. Defendants deny the allegations in paragraph 86 to the extent they misquote, mischaracterize, or contradict the referenced DCMA reports. Defendants lack knowledge or information sufficient to admit or deny Plaintiffs' allegations regarding statements purportedly made by individuals identified in the Complaint as "Confidential Witness 1" and "Confidential Witness 2." Defendants deny the remaining allegations in paragraph 86.

87.    Defendants admit that the DCAA has conducted audits of Force Protection and has issued audit reports concerning the audits, which speak for themselves. Defendants deny the allegations in the first sentence of paragraph 87 to the extent they misquote, mischaracterize, or contradict the DCAA audit reports. Defendants admit that Force Protection discussed the DCAA audit reports in its Q3 2007 10-Q, which is a written document that speaks for itself. Defendants deny the allegations in the second sentence of paragraph 87 to the extent they misquote, mischaracterize, or contradict the Q3 2007 10-Q. Defendants further deny that disclosures of the audit reports were "belated[]" and deny any remaining allegations in paragraph 87.

88.    Defendants deny the allegations in paragraph 88.

89.    Defendants lack knowledge or information sufficient to admit or deny Plaintiffs' allegations regarding statements purportedly made by individuals identified in the Complaint as "Confidential Witness 8" and "Confidential Witness 9."   Defendants deny any remaining allegations in paragraph 89.

90.    Defendants deny the first sentence in paragraph 90.  Defendants lack knowledge or information sufficient to admit or deny Plaintiffs' allegations regarding statements purportedly made by an individual identified in the Complaint as "Confidential Witness 10." Defendants deny any remaining allegations in paragraph 90.

91.    Defendants admit that the DoD announced a competitive solicitation for up to 1,200 MRAPs on September 29, 2006.  Defendants deny the remaining allegations in the first sentence of paragraph 91.  Defendants deny the allegations in the second sentence of paragraph 91.  Defendants deny the allegations in the third sentence, except that the Company issued a Form 10-Q in November 2007, which speaks for itself.  Answering the fourth, fifth, and sixth sentences, Defendants state that the referenced analyst reports speak for themselves, and deny the allegations to the extent they misquote, mischaracterize, or contradict the referenced analyst reports.  Defendants deny any remaining allegations in paragraph 91.

92.    Defendants state that the June 27, 2007 report from the Inspector General is a written document that speaks for itself.  Defendants deny the allegations in paragraph 92 to the extent they misquote, mischaracterize, or contradict the Inspector General report.

93.    Defendants deny the allegations in paragraph 93.

94.    Defendants deny the first sentence in paragraph 94.  Defendants lack knowledge or information sufficient to admit or deny Plaintiffs' allegations regarding statements

purportedly made by individuals identified in the Complaint as "Confidential Witness 1" and "Confidential Witness 2." Defendants deny the remaining allegations in paragraph 94.

95.     Defendants deny the allegations in paragraph 95.

96.     Defendants admit that Force Protection hired APT, a technology consulting firm in which McGilton formerly held an ownership interest, to provide certain software and training services. Defendants deny that Defendant Kavanaugh was ever a partner, member, or managing member in APT and deny that Defendant Kavanaugh ever held any ownership or financial interest in APT. Defendants lack knowledge or information sufficient to admit or deny Plaintiffs' allegations regarding statements purportedly made by an individual identified in the Complaint as "Confidential Witness 1." Defendants deny the remaining allegations in paragraph 96.

97.     Defendants lack knowledge or information sufficient to admit or deny Plaintiffs' allegations regarding statements purportedly made by an individual identified in the Complaint as "Confidential Witness 11." Defendants deny any remaining allegations in paragraph 97.

98.     Defendants deny the first sentence in paragraph 98. Defendants lack knowledge or information sufficient to admit or deny Plaintiffs' allegations regarding statements purportedly made by an individual identified in the Complaint as "Confidential Witness 11." Defendants deny the remaining allegations in paragraph 98.

99.     Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 99.

100.    Defendants deny the first sentence in paragraph 100. Defendants admit that the DCAA conducted an audit of Force Protection during September and October 2007 and issued an audit report concerning the audit dated January 29, 2008. Defendants deny the allegations in

paragraph 100 to the extent they misquote, mischaracterize, or contradict the DCAA audit report. Defendants deny the remaining allegations in paragraph 100.

101.    Defendants admit that the DCAA issued an audit report concerning Force Protection dated January 29, 2008. Defendants deny the allegations in paragraph 101 to the extent they misquote, mischaracterize, or contradict the DCAA audit report. Defendants deny the remaining allegations in paragraph 101.

102.    Defendants deny the last sentence in paragraph 102. Answering the first sentence, Defendants admit that the DCAA issued an audit report concerning Force Protection dated January 29, 2008, and Defendants deny the allegations in paragraph 102 to the extent they misquote, mischaracterize, or contradict the DCAA audit report. Defendants state that the second sentence purports to quote from Defense Federal Acquisition Regulation ("DFAR") § 215.407-5-70. Defendants deny the allegations in the second sentence to the extent they misquote, mischaracterize, or contradict DFAR § 215.407-5-70. Defendants deny the remaining allegations in paragraph 102.

103.    Defendants deny the first, second, eighth, and ninth sentences in paragraph 103. Answering the allegations in the third, fourth, fifth, and sixth sentences, Defendants lack knowledge or information sufficient to admit or deny allegations regarding statements purportedly made by an individual identified in the Complaint as "Confidential Witness 2," and deny any remaining allegations in the third through sixth sentences. Answering the allegations in the seventh sentence, Defendants state that the DCAA Audit Manual speaks for itself and deny the allegations in the seventh sentence to the extent they misquote, mischaracterize, or contradict the DCAA Audit Manual. Defendants deny that Defendant Kavanaugh ever held

any ownership or financial interest in APT.  Defendants deny any remaining allegations in paragraph 103.

104.    Defendants deny the allegations in paragraph 104.

105.    Defendants admit the allegations in the first two sentences in paragraph 105. Defendants deny the remaining allegations in paragraph 105.

106.    Defendants admit that Defendants Kavanaugh and McGilton sold shares of Force Protection stock between September 2006 and May 2007.  Defendants state that these Defendants' stock sales were made pursuant to prearranged trading plans authorized by SEC Rule 10b5-1 and that the existence of the trading plans and the details of the stock sales, including the dates of the sales, the number of shares sold (and acquired), and the sale (and acquisition) prices, were publicly disclosed.  Defendants deny the remaining allegations in paragraph 106.

107.    Defendants deny the allegations in the first sentence of paragraph 107. Defendants state that the July 13, 2007 *Bloomberg News* article referenced in paragraph 107 is a written document that speaks for itself.  Defendants deny the allegations in paragraph 107 to the extent they misquote, mischaracterize, or contradict the July 13, 2007 *Bloomberg News* article.  Defendants lack knowledge or information sufficient to admit or deny Plaintiffs' allegations regarding statements purportedly made by "Confidential Witness 13."  Defendants deny the remaining allegations in paragraph 107, except that any e-mails in which Defendant Kavanaugh was copied speak for themselves.

108.    Defendants lack knowledge or information sufficient to admit or deny Plaintiffs' allegations regarding statements purportedly made by individuals identified in the Complaint as

"Confidential Witness 1" and "Confidential Witness 14." Defendants deny any remaining allegations in paragraph 108.

110.    Defendants admit that Defendant Kavanaugh sold shares of Force Protection stock at various times. Defendants state that Defendant Kavanaugh's stock sales were made pursuant to prearranged trading plans authorized by SEC Rule 10b5-1 and that the existence of the trading plans and the details of the stock sales, including the dates of the sales, the number of shares sold (and acquired), and the sale (and acquisition) prices, were publicly disclosed. Defendants deny the remaining allegations in paragraph 109.

110.    Defendants admit that Defendant Kavanaugh sold shares of Force Protection stock in 2006 prior to the time that Force Protection was listed on NASDAQ. Defendants state that Defendant Kavanaugh's stock sales were made pursuant to prearranged trading plans authorized by SEC Rule 10b5-1 and that the existence of the trading plans and the details of the stock sales, including the dates of the sales, the number of shares sold (and acquired), and the sale (and acquisition) prices, were publicly disclosed. Defendants deny any remaining allegations in paragraph 110, except as disclosed in the Company's SEC filings.

111.    Defendants admit that Defendant Kavanaugh sold shares of Force Protection stock in 2007 after Force Protection's stock became listed on NASDAQ. Defendants state that Defendant Kavanaugh's stock sales were made pursuant to prearranged trading plans authorized by SEC Rule 10b5-1 and that the existence of the trading plans and the details of the stock sales, including the dates of the sales, the number of shares sold (and acquired), and the sale (and acquisition) prices, were publicly disclosed. Defendants deny any remaining allegations in paragraph 110, except as disclosed in the Company's SEC filings.

112.    Defendants deny the first sentence of paragraph 112.  Defendants admit that Defendant McGilton sold shares of Force Protection stock in 2006.  Defendants state that Defendant McGilton's stock sales were made pursuant to prearranged trading plans authorized by SEC Rule 10b5-1 and that the existence of the trading plans and the details of the stock sales, including the dates of the sales, the number of shares sold (and acquired), and the sale (and acquisition) prices, were publicly disclosed.  Defendants deny any remaining allegations in paragraph 112, except as disclosed in the Company's SEC filings.

113.    Defendants admit the allegations in paragraph 113 and state that Defendant McGilton's stock sales were made pursuant to prearranged trading plans authorized by SEC Rule 10b5-1 and that the existence of the trading plans and the details of the stock sales, including the dates of the sales, the number of shares sold (and acquired), and the sale (and acquisition) prices, were publicly disclosed.

114.    Defendants deny the allegations in paragraph 114.

115.    Defendants deny the allegations in paragraph 115.

116.    Defendants admit that Force Protection's stock opened at a price of $22.95 per share on January 18, 2007.  Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in the last sentence of paragraph 116.  Defendants deny the remaining allegations in paragraph 116.

117.    Defendants deny the allegations in paragraph 117, including subparts (a)-(i).

118.    Defendants admit the allegations in paragraph 118.

119.    Defendants state that the Company's Form 10-Q for the third quarter of 2006 ("Q3 2006 10-Q") is a written document that speaks for itself.  Defendants deny the allegations in paragraph 119 to the extent they misquote, mischaracterize, or contradict the Q3 2006 10-Q.

120.    Defendants admit that Defendant McGilton signed the certification under Section 302 of SOX that was included in the Q3 2006 10-Q.  Defendants state that this certification speaks for itself and deny the allegations in paragraph 120, to the extent that such allegations misquote, mischaracterize, or contradict the certification.  Defendants deny any remaining allegations in paragraph 120.

121.    Defendants state that the Company's Form 10-Q for the third quarter of 2006 ("Q3 2006 10-Q") is a written document that speaks for itself.  Defendants deny the allegations in paragraph 121 to the extent they misquote, mischaracterize, or contradict the Q3 2006 10-Q. Defendants deny any remaining allegations in paragraph 121.

122.    Defendants deny the allegations in paragraph 122, including subparts (a) and (b).

123.    Defendants admit the allegations in paragraph 123.

124.    Defendants state that the Company's Form 10-K for fiscal year 2006 ("2006 10-K") is a written document that speaks for itself.  Defendants deny the allegations in paragraph 124 to the extent they misquote, mischaracterize, or contradict the 2006 10-K.

125.    Defendants state that the Company's Form 10-K for fiscal year 2006 ("2006 10-K") is a written document that speaks for itself.  Defendants deny the allegations in paragraph 124 to the extent they misquote, mischaracterize, or contradict the 2006 10-K.  Defendants admit that Defendants McGilton and Durski signed certifications under SOX that were included in the 2006 10-K.  Defendants state that these certifications speak for themselves and deny the allegations in paragraph 125, to the extent that such allegations misquote, mischaracterize, or contradict the certifications.

126.    Defendants state that the Company's 2006 10-K is a written document that speaks for itself.  Defendants deny the allegations in paragraph 126 to the extent they misquote, mischaracterize, or contradict the 2006 10-K.

127.    Defendants state that the Company's 2006 10-K is a written document that speaks for itself.  Defendants deny the allegations in paragraph 127 to the extent they misquote, mischaracterize, or contradict the 2006 10-K.

128.    Defendants deny the allegations in paragraph 128, including subparts (a)-(c).

129.    Defendants admit the allegations in paragraph 129.

130.    Defendants admit the allegations in paragraph 130.

131.    Defendants state that the Company's Form 10-Q for the first quarter of 2007 ("Q1 2007 10-Q") is a written document that speaks for itself.  Defendants deny the allegations in paragraph 130 to the extent they misquote, mischaracterize, or contradict the Q1 2007 10-Q.  Defendants admit that Defendants McGilton and Durski signed certifications under SOX that were included in the Q1 2007 10-Q.  Defendants state that these certifications speak for themselves and deny the allegations in paragraph 131, to the extent that such allegations misquote, mischaracterize, or contradict the certifications.

132.    Defendants deny the allegations in paragraph 132, including subparts (a)-(c).

133.    Defendants admit that after the close of trading on May 30, 2007, the DoD announced that Navistar received a $623 million MRAP contract to build 1,200 vehicles and Force Protection received an $11.99 million MRAP contract to build 14 vehicles.  Defendants deny the remaining allegations in paragraph 133.

134.     Defendants admit that trading in Force Protection's stock closed at prices of $30.27 per share on May 30, 2007 and $28.47 per share on May 31, 2007.  Defendants deny the remaining allegations in paragraph 134.

135.     Defendants state that the June 4, 2007 analyst report from the Stanford Group is a written document that speaks for itself.  Defendants deny the allegations in paragraph 135 to the extent they misquote, mischaracterize, or contradict the Stanford Group report from June 4, 2007.  Defendants deny the remaining allegations in paragraph 135.

136.     Defendants admit that trading in Force Protection's stock closed at prices of $27.42 per share on June 1, 2007 and $24.43 per share on June 4, 2007.  Defendants deny the remaining allegations in paragraph 136.

137.     Defendants admit that Force Protection issued a press release dated June 15, 2007, which discussed Defendant Kavanaugh's resignation as Chairman of the Company's Board effective June 21, 2007.  Defendants deny the remaining allegations in paragraph 137.

138.     Defendants admit the allegations in paragraph 138.

139.     Defendants state that the article published by *TheStreet.com* on June 29, 2007 is a written document that speaks for itself.  Defendants deny the allegations in paragraph 139 to the extent they misquote, mischaracterize, or contradict the June 29, 2007 *TheStreet.com* article.  Defendants deny any remaining allegations in paragraph 139.

140.     Defendants admit that trading in Force Protection's stock closed at prices of $21.69 per share on June 28, 2007 and $20.64 per share on June 29, 2007.  Defendants deny the remaining allegations in paragraph 140.

141.     Defendants state that the article published by the *Florida Times Union* and reported by *Bloomberg* on July 13, 2007, as well as the DoD report discussed therein, are

written documents that speak for themselves.  Defendants deny the allegations in paragraph 141 to the extent they misquote, mischaracterize, or contradict the July 13, 2007 *Florida Times Union* article reported by *Bloomberg* or the DoD report discussed therein.  Defendants deny any remaining allegations in paragraph 141.

142.    Defendants deny the allegations in paragraph 142.

143.    Defendants admit that trading in Force Protection's stock closed at a price of $20.14 per share on July 16, 2007.  Defendants deny the remaining allegations in paragraph 143.

144.    Defendants state that the article published by *TheStreet.com* on July 23, 2007 and referenced in the second sentence of paragraph 144 is a written document that speaks for itself.  Defendants deny the allegations in paragraph 144 to the extent they misquote, mischaracterize, or contradict the July 23, 2007 *TheStreet.com* article.  Defendants deny any remaining allegations in paragraph 144.

145.    Defendants admit that trading in Force Protection's stock closed at prices of $19.23 per share on July 20, 2007 and $17.39 per share on July 23, 2007 and that the NASDAQ was closed on July 21 and 22, 2007.  Defendants deny the remaining allegations in paragraph 145.

146.    Defendants state that the *USA Today* article on August 1, 2007 is a written document that speaks for itself.  Defendants deny the allegations in paragraph 146 to the extent they misquote, mischaracterize, or contradict the August 1, 2007 *USA Today* article or statements quoted therein.  Defendants lack knowledge or information sufficient to admit or deny Plaintiffs' allegations regarding statements purportedly made by Michael Aldrich to the

author(s) of the August 1, 2007 *USA Today* article.  Defendants deny any remaining allegations in paragraph 146.

146.     Defendants deny the allegations in paragraph 147.

147.     Defendants admit that trading in Force Protection's stock closed at a price of $15.15 per share on August 8, 2007.  Defendants deny the remaining allegations in paragraph 148.

149.     Defendants admit the allegations in paragraph 149.

150.     Defendants admit the allegations in paragraph 150.

151.     Defendants state that the Company's Q2 2007 10-Q is a written document that speaks for itself.  Defendants deny the allegations in paragraph 151 to the extent they misquote, mischaracterize, or contradict the Q2 2007 10-Q.  Defendants admit that Defendants McGilton and Durski signed certifications under SOX that were included in the Q2 2007 10-Q. Defendants state that these certifications speak for themselves and deny the allegations in paragraph 151, to the extent that such allegations misquote, mischaracterize, or contradict the certifications.  Defendants deny any remaining allegations in paragraph 151.

152.     Defendants state that the Company's Q2 2007 10-Q is a written document that speaks for itself.  Defendants deny the allegations in paragraph 152 to the extent they misquote, mischaracterize, or contradict the Q2 2007 10-Q.  Defendants admit that Defendant Kavanaugh did not sign the Q2 2007 10-Q and had no role in preparing the statements included therein Defendants deny any remaining allegations in paragraph 152.

153.     Defendants deny the allegations in paragraph 153, including subparts (a)-(c).

154.     Defendants state that the Company's SEC filings from June 11 and July 12, 2007 are written documents that speak for themselves.  Defendants deny the allegations in

paragraph 154 to the extent they misquote, mischaracterize, or contradict those documents. Defendants deny any remaining allegations in paragraph 154.

155.    Defendants state that the restatement of the Company's 2006 financial results filed on October 15, 2007 is a written document that speaks for itself.  Defendants deny the allegations in paragraph 155 to the extent they misquote, mischaracterize, or contradict the 2006 restatement filed on October 15, 2007.  Defendants deny any remaining allegations in paragraph 155.

156.    Defendants admit that Defendant Kavanaugh did not sign the October 15, 2007 SEC filing and had no role in preparing the statements included therein.  Defendants state that the restatement of the Company's 2006 financial results filed on October 15, 2007 is a written document that speaks for itself.  Defendants deny the allegations in paragraph 156 to the extent they misquote, mischaracterize, or contradict the 2006 restatement filed on October 15, 2007. Defendants deny any remaining allegations in paragraph 156.

157.    Defendants admit that trading in Force Protection's stock closed at prices of $23.95 per share on October 12, 2007 and $22.70 per share on October 15, 2007 and that the NASDAQ was closed on October 13 and 14, 2007.  Defendants deny the remaining allegations in paragraph 157.

158.    Force Protection admits that trading in Force Protection's stock closed at a price of $19.97 per share on October 19, 2007.  Defendants deny the remaining allegations in paragraph 158.

159.    Defendants admit that the Q3 2007 10-Q covered the period from July 1, 2007 through September 30, 2007, and that it was signed by Defendants McGilton and Durski. Defendants deny the remaining allegations in paragraph 159.

160.   Defendants state that the Company's Q3 2007 10-Q is a written document that speaks for itself.  Defendants deny the allegations in paragraph 160 to the extent they misquote, mischaracterize, or contradict the Q3 2007 10-Q.  Defendants admit that Defendant Kavanaugh did not sign the Q3 2007 10-Q and had no role in preparing the statements included therein. Defendants deny any remaining allegations in paragraph 160.

161.   Defendants deny the first sentence of paragraph 161.  Defendants admit that trading in Force Protection's stock closed at prices of $17.70 per share on November 13, 2007 and $15.75 per share on November 14, 2007.  Defendants deny the remaining allegations in paragraph 161.

162.   Defendants state that the Company's Q3 2007 10-Q is a written document that speaks for itself.  Defendants deny the allegations in paragraph 160 to the extent they misquote, mischaracterize, or contradict the Q3 2007 10-Q.  Defendants deny the remaining allegations in paragraph 162.

163.   Defendants admit that Force Protection reported restated its financial results for the quarter ended September 30, 2007.  Defendants deny the remaining allegations in paragraph 163.

164.   Defendants admit that trading in Force Protection's stock closed at prices of $5.91 per share on December 18, 2007 and $4.93 per share on December 19, 2007.  Defendants deny the remaining allegations in paragraph 164.

165.   Defendants admit that during January 2008, Force Protection announced Defendant McGilton was retiring effective January 31, 2008.  Defendants deny the remaining allegations in paragraph 165.

166.    Defendants state that the Company issued a press release on March 2, 2008, which is a written document that speaks for itself.  Defendants deny the allegations in paragraph 166 to the extent they misquote, mischaracterize, or contradict the press release. Defendants deny any remaining allegations in paragraph 166.

167.    Defendants deny the allegations in paragraph 167.

168.    Defendants admit that trading in Force Protection's stock closed at prices of $4.11 per share on February 29, 2008 and $3.58 per share on March 3, 2008.  Defendants deny the remaining allegations in paragraph 168.

169.    Defendants admit that trading in Force Protection's stock closed at a price of $1.37 per share on March 17, 2008.  Defendants state that the Company's Form 8-K filed on March 17, 2008 speaks for itself, and deny the allegations to the extent they misquote, mischaracterize, or contradict the March 17, 2008 Form 8-K.  Defendants deny the remaining allegations in paragraph 169.

170.    Defendants state that Force Protection's 2007 10-K filed on September 15, 2008 is a written document that speaks for itself.  Defendants deny the allegations in paragraph 170, including allegations in the charts included in that paragraph, to the extent they misquote, mischaracterize, or contradict the 2007 10-K filed on September 15, 2008.  Defendants deny the remaining allegations in paragraph 170.

171.    Defendants deny the allegations in paragraph 171.

172.    Defendants incorporate by reference their responses to paragraphs 1 through 171 as if fully restated herein.

173.    Defendants deny the allegations in paragraph 173.

174.    Defendants deny the allegations in paragraph 174.

175.    Defendants deny the allegations in paragraph 175.

176.    Defendants deny the allegations in paragraph 176.

177.    Defendants deny the allegations in paragraph 177.

178.    Defendants incorporate by reference their responses to paragraphs 1 through 177 as if fully restated herein.

179.    Defendants deny the allegations in paragraph 179.

180.    Defendants deny the allegations in paragraph 180.

181.    Defendants deny the allegations in paragraph 181.

182.    Defendants deny the allegations in paragraph 182.

183.    Defendants deny the allegations in paragraph 183.

184.    Defendants incorporate by reference their responses to paragraphs 1 through 183 as if fully restated herein.

185.    Defendants admit that Plaintiffs purport to allege a claim against Defendants McGilton and Kavanaugh pursuant to Section 20A of the Exchange Act, but deny that Plaintiffs' claim has any merit. Defendants deny the remaining allegations in paragraph 185.

186.    Defendants deny the allegations in paragraph 186.

187.    Defendants admit that Defendants Kavanaugh and McGilton sold shares of Force Protection stock during the Class Period. Those stock sales were made pursuant to prearranged trading plans authorized by SEC Rule 10b5-1 and that the existence of the trading plans and the details of the stock sales, including the dates of the sales, the number of shares sold (and acquired), and the sale (and acquisition) prices, were publicly disclosed. Defendants deny the remaining allegations in paragraph 187, except as otherwise publicly disclosed by the Company.

188.    Defendants deny the allegations in paragraph 188.

189.    Defendants deny each and every allegation of the Complaint to which they have not otherwise made a specific response in this Answer.  Defendants further deny Plaintiffs' prayer for relief.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiffs, Defendants plead the following defenses:

### First Defense

Plaintiffs' claims are barred in whole or in part because the Complaint, and each and every purported claim for relief alleged therein, fails to allege facts sufficient to state a claim upon which relief can be granted against Defendants.

### Second Defense

Plaintiffs' claims are barred in whole or in part because the Complaint fails to allege fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

### Third Defense

Plaintiffs' claims are barred in whole or in part because the Complaint fails to comply with the pleading requirements of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 78u-4, 78u-5, and Rule 8 of the Federal Rules of Civil Procedure.

### Fourth Defense

Plaintiffs' claims are barred in whole or in part because any material information alleged to have been disclosed by Defendants or Force Protection was true, or any material information alleged to have been omitted by Defendants or Force Protection was disclosed in

Force Protection's SEC filings, press releases, and other public statements and material incorporated therein or was otherwise publicly disclosed or available to Plaintiffs and the market through credible sources.

### Fifth Defense

Plaintiffs' claims are barred in whole or in part because the misrepresentations and omissions alleged are not material as a matter of law.

### Sixth Defense

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

### Seventh Defense

Plaintiffs' claims are barred in whole or in part to the extent Plaintiffs' claims are based on Defendants' or Force Protection's alleged omission(s) of purported material information, because Defendants and Force Protection had no duty to disclose or update the information.

### Eighth Defense

Plaintiffs' claims are barred in whole or in part because no act or omission by Defendants individually or as a group or by Force Protection was the cause in fact or proximate cause of any damage alleged by Plaintiffs and because of a lack of loss causation, *i.e.*, the depreciation in the market price of Force Protection stock purchased or exchanged for by Plaintiffs, and other purported class members, resulted from factors other than the alleged misstatements and omissions alleged in the Complaint.

### Ninth Defense

Plaintiffs' claims are barred in whole or in part because Plaintiffs did not rely on (a) any of the alleged representations or omissions by any Defendant or Force Protection; or (b) the market price of Force Protection's stock in making investment decisions, and the market price

of Force Protection's stock was not inflated as a result of any alleged representation or omission by any Defendant or Force Protection.

## Tenth Defense

Plaintiffs' claims are barred in whole or in part because Plaintiffs are not entitled to the "fraud on the market" presumption under *Basic v. Levinson*, 485 U.S. 224 (1998), and Plaintiffs cannot otherwise prove the element of reliance.

## Eleventh Defense

Plaintiffs' claims are barred in whole or in part because any alleged statements of material fact, alleged omissions of material fact, or other challenged statements, with respect to which the alleged liability of each Defendant is asserted, contained or were made in the context of sufficient cautionary language or risk disclosure to be non-actionable under the "bespeaks caution" doctrine.

## Twelfth Defense

Plaintiffs' claims are barred in whole or in part because any alleged statements of material fact, alleged omissions of material fact, or other challenged statements, with respect to which the alleged liability of each Defendant is asserted, are non-actionable under the safe harbor provisions of the Private Securities Litigation Reform Act of 1995.

## Thirteenth Defense

Plaintiffs' claims are barred in whole or in part because neither Plaintiff nor any purported class member can establish the prerequisites for certifying a class or maintaining this action as a class action.

## Fourteenth Defense

Without admitting that Plaintiffs suffered any damages, or that Defendants are or should be liable for any such damages, Defendants assert that their liability is limited by 15 U.S.C. §§ 78$u$-4(e)&(f) and under principles of equitable allocation, recoupment, set-off, proportionate liability, and comparative fault.

## Fifteenth Defense

Plaintiffs' claims are barred in whole or in part because Defendants McGilton and Kavanaugh were not in possession of material non-public information regarding Force Protection or its securities when they entered the SEC Rule 10b5-1 trading plans pursuant to which they sold Force Protection stock, or on the dates that the trades were executed.

## Sixteenth Defense

Plaintiffs' claims are barred in whole or in part because Defendants McGilton and Kavanaugh did not use any material non-public information regarding Force Protection or its securities when they entered the SEC Rule 10b5-1 trading plans pursuant to which they sold Force Protection stock, or on the dates that the trades were executed.

## Seventeenth Defense

Plaintiffs' claims are barred in whole or in part because any alleged statement, omission or conduct by Defendants McGilton and Kavanaugh did not take place in connection with the purchase or sale of Force Protection stock.

## Eighteenth Defense

Plaintiffs' claims under Section 20A are barred in whole or in part because they fail to allege an independent violation of a provision of the Securities Exchange Act of 1934.

## Nineteenth Defense

Plaintiffs' claims under Section 20A are barred in whole or in part because they fail to allege sufficient facts showing that Defendants McGilton and Kavanaugh traded the securities at issue contemporaneously with Plaintiffs.

## Twentieth Defense

Defendants hereby assert all defenses available under federal law and under any applicable state law. Additional facts may be revealed in discovery or otherwise supporting additional defenses presently available, but unknown, to Defendants. Defendants therefore reserve the right to assert additional defenses in the event discovery or investigation reveals additional defenses.

WHEREFORE, Defendants, having fully answered the Complaint, pray:

1. that the Consolidated Class Action Complaint be dismissed with prejudice;

2. that judgment be entered in Defendants' favor;

3. that all costs of this action be taxed against Plaintiffs; and

4. that the Court award Defendants such other and further relief as this Court deems just and proper.

[Signature block on following page]

This 4th day of December, 2009.

Respectfully submitted,


*s/ Eleni M. Roumel*
Eleni M. Roumel
Federal Bar No. 9959
NELSON MULLINS RILEY &
    SCARBOROUGH LLP
151 Meeting Street
Charleston, SC  29401
843.534.4112 (Telephone)
843.534.4223 (Facsimile)
eleni.roumel@nelsonmullins.com

M. Robert Thornton
Michael R. Smith
David E. Meadows
Benjamin Lee
KING & SPALDING LLP
1180 Peachtree Street N.E.
Atlanta, Georgia  30309
404.572.4600 (Telephone)
404.572.5100 (Facsimile)
bthornton@kslaw.com
mrsmith@kslaw.com
demeadows@kslaw.com
blee@kslaw.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2009, I filed the foregoing **DEFENDANTS'**
**ANSWER AND DEFENSES TO THE CONSOLIDATED CLASS ACTION**
**COMPLAINT** via the Court's CM/ECF system, which will automatically send electronic mail
notification of such filing to the following attorneys of record:

Brian C. Duffy, *bduffy@duffyandyoung.com*
J. Rutledge Young, III, *ryoung@duffyandyoung.com*
DUFFY & YOUNG, LLC
96 Broad Street
Charleston, SC  29401

Marc I. Gross,
Jeremy A. Lieberman, *jalieberman@pomlaw.com*
Jason S. Cowart, *jscowart@pomlaw.com*
Patrick V. Dahlstrom, *pdahlstrom@pomlaw.com*
POMERANTZ HAUDEK BLOCK GROSSMAN & GROSS LLP
100 Park Avenue
New York, NY  10017

Jeffrey C. Block, *jblock@bermandevalerio.com*
Norman Berman, *nberman@bermandevalerio.com*
Kathleen M. Donovan-Maher, *kdonovanmaher@bermandevalerio.com*
Autumn W. Smith, *asmith@bermandevalerio.com*
BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO
One Liberty Square
Boston, MA  02109


_s/ Eleni M. Roumel_
Eleni M. Roumel
Federal Bar No. 9959

NELSON MULLINS RILEY
& SCARBOROUGH LLP
151 Meeting Street
Charleston, SC  29401
843.534.4112 (Telephone)
843.534.4223 (Facsimile)
eleni.roumel@nelsonmullins.com

*Attorney for Defendants*